UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STEPHEN A. COBB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-58-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANISLAW CZEKAJLO, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This case involves a traffic accident that occurred on January 31, 2013, on Paris Pike in Fayette County, Kentucky. On that date, Plaintiff Stephen Cobb collided with the rear of a tractor and trailer[1] owned by a Canadian company, Defendant 11776026 Ontario, Inc., and doing business as Presto Transport ("Ontario Inc."). Although Ontario Inc. owned the tractor at the time of the accident, that company had previously leased the vehicle from Defendant Bodkin Leasing Corporation ("Bodkin"). At the end of the lease term in August 2012, the tractor was sold to Ontario Inc.

This matter is pending for consideration of Defendant Bodkin's motion for summary judgment. [Record No. 35] Bodkin argues that the facts relevant to its prior ownership, leasing arrangement and sale of the subject tractor are not disputed. And based on the undisputed facts, Bodkin contends that it is entitled to judgment as a matter of law regarding the claims asserted against it by Plaintiffs Stephen and Susan Cobb.

---

1 There is no evidence that Bodkin ever owned the trailer involved in the accident.

The plaintiffs oppose Bodkin's motion. They assert that several unresolved factual issues preclude summary judgment. More specifically, they dispute ownership of the tractor and, therefore, assert that Bodkin may have had a duty to insure the vehicle at the time of the accident. Further, they contend that Bodkin failed to maintain the tractor in a proper condition which caused the accident giving rise to this civil action.[2] [Record No. 45]

Having considered the parties' arguments, the Court concludes that summary judgment is not premature. The plaintiffs have not demonstrated that further discovery would likely provide any information sufficient to overcome Defendant Bodkin's present motion. In short, there are no genuine issues of material fact to be resolved. Further, Bodkin is entitle to judgment as a matter of law with respect to the claims asserted against it in Counts II and III of the plaintiffs' Complaint.

## I.

### A. The Plaintiffs' Factual Allegations

The plaintiffs have not sought to amend their pleadings since the filing of the Complaint on January 29, 2014. The following allegations are taken from the Plaintiffs' Complaint filed in the Fayette Circuit Court on that date.

> 1. This action arises from a motor vehicle collision that occurred on January 31, 2013 in Fayette County, Kentucky.
>
> 2. The plaintiff, Stephen A. Cobb (hereinafter "Mr. Cobb"), is and was at all relevant times, a citizen and resident of Nicholas County in the Commonwealth of Kentucky.

---

[2] This claim is also based on the factual assertion that Bodkin actually owned the tractor involved in the January 31, 2013 accident.

3. The plaintiff, Susan Cobb (hereinafter "Ms. Cobb"), is and was at all relevant times, a citizen and resident of Nicholas County in the Commonwealth of Kentucky.

4. At all relevant times, Mr. Cobb and Ms. Cobb were and are lawfully married husband and wife.

5. At all relevant times, the defendant, Stanislaw Czekajlo (hereinafter "Czekajlo"), is and was a natural person and citizen of the Province of Ontario.

6. At all relevant times, the defendant, 1176026 Ontario Inc. (hereinafter "Ontario Inc."), is and was a corporation organized pursuant to the law of the Province of Ontario and, upon information and belief, authorized by the United States Department of Transportation to operate commercial vehicles within the Commonwealth of Kentucky.

7. Upon information and belief, Ontario Inc. was doing business as Presto Transport at all relevant times. . . .

9. At all relevant times, the defendant, Bodkin Leasing Corporation (hereinafter "Bodkin"), is and was a corporation organized pursuant to the laws of the Province of Ontario. . . .

14. On January 31, 2013, Czekajlo was employed by Ontario Inc. and/or Bodkin.

15. On January 31, 2013 in Fayette County, Commonwealth of Kentucky, Czekajlo was operating a commercial vehicle owned by Ontario Inc. and/or Bodkin.

16. On January 31, 2013, in Fayette County, Commonwealth of Kentucky, Czekajlo was acting within the course and scope of his employment with Ontario Inc. and/or Bodkin.

17. On January 31, 2013, Czekajlo acting individually and as an agent and employee of Ontario Inc. and/or Bodkin was the driver of a commercial vehicle and negligently, grossly negligently, and contrary to law parked the vehicle on the traveled portion of Paris Pike in Fayette County, Commonwealth of Kentucky.

18. On January 31, 2013, Mr. Cobb was lawfully driving on Paris Pike in Fayette County, Commonwealth of Kentucky.

> 19. The negligence, gross negligence, and violations of law by Czekajlo, Ontario Inc., and Bodkin, as set out above, were a substantial factor in causing Mr. Cobb to collide with the commercial vehicle operated by Czekajlo as an agent and employee of Ontario Inc. and/or Bodkin and owned by Ontario Inc. and/or Bodkin (hereinafter "Collision").

[Record No. 1-1] Thus, at the time this action was filed, it does not appear that the plaintiffs were aware of Czekajlo's actual employer at the time of the accident or whether the vehicle operated by Czekajlo was owned by Ontario Inc. or Bodkin.

Notwithstanding the factual uncertainties identified above, the plaintiffs asserted claims against Ontario Inc. and Bodkin based on allegations of negligence and gross negligence (Count II) and loss of consortium[3] (Count III). As set out in Count II, the plaintiffs made the following allegations regarding these defendants:

> 28. Czekajlo was within the course and scope of his employment with Ontario Inc. and/or Bodkin at the moment of the Collision.
>
> 29. Ontario Inc. and Bodkin authorized, ratified, and or should have anticipated Czekajlo's negligent and grossly negligent conduct.
>
> 30. Ontario Inc. and/or Bodkin is vicariously liable for the careless, reckless, negligent, and grossly negligent acts and omissions of Czekajlo.

[*Id*.] Again, based on the "and/or" allegations of this portion of the Complaint, it appears that the plaintiffs were not aware of the actual relationship (if any) existing between Czekajlo, Ontario Inc, and Bodkin at the time this action was commenced.

---

[3] The loss of consortium claims asserted by Susan Cobb are derivative of the claims of negligence and gross negligence. Because the plaintiffs cannot establish the underlying claims against Bodkin, the derivative claim asserted against it is without merit and will be dismissed.

### B. Facts Established During Discovery

Following discovery, Defendant Bodkin moved the Court for summary judgment with regard to the claims asserted by Plaintiffs Stephen and Susan Cobb. [Record No. 35] Bodkin asserts that the following facts relevant to the plaintiffs' claims have been established through the affidavit of Leann Goodall[4]:

- At the time of the accident in issue, Czekajlo was a Canadian citizen and Ontario Inc.[5] and Bodkin were Canadian entities.
- The vehicle driven by Czekajlo was titled in Ontario, Canada.
- Bodkin was at the time of the accident, and continues to be, engaged in the business of leasing commercial vehicles; however, it does not operate or employ anyone to operate commercial vehicles.
- Bodkin owned the Presto Tractor involved in the January 31, 2013 accident from August 11, 2010 until August 1, 2012. However, it did not take possession of the tractor and had no role in its operation or use.
- Bodkin did not have any involvement with the Presto Trailer involved in the January 31, 2013 accident.

---

[4] Leeann Goodall is identified as "Senior Law Clerk" for Bodkin. The affidavit filed in support of Bodkin's motion for summary judgment indicates that she is familiar with: (i) Bodkin's commercial leasing business; (ii) the company's titling and transferring of commercial motor vehicles; and (iii) Bodkin's the commercial relationship with Ontario Inc. concerning the tractor more specifically identified as VIN 1FUJBBCK86LU96530. [Record No. 35-2]

[5] Defendant 1176026 Ontario Inc. was doing business as "Presto Transport" at the time of the accident. The Complaint refers to the entity as "Ontario Inc." while Defendant Bodkin Leasing Corporation refers to it as "Presto". For ease of reference, the Court will use "Ontario Inc." rather than "Presto".

- On August 1, 2012, Ontario Inc. made its final payment for the Presto Tractor. On the same date, Bodkin sold the tractor to Ontario Inc. and delivered to it a Bill of Sale as well as Authorization, Direction, and Limited Power of Attorney regarding the Presto Tractor. These documents allowed Ontario Inc. to transfer registration of the vehicle with the Canadian entity to handles the transfer and registration of vehicles in that country.
- Following the August 1, 2012 transfer, Bodkin did not have any further involvement with or connection to the Presto Tractor involved in the January 31, 2013 accident.
- Ontario Inc. insured the tractor during the time it was owned by and leased from Bodkin. The vehicle was not insured by Bodkin at any time relevant to this action.

Much of this factual information is also confirmed in Bodkin's answers to interrogatories submitted on or about May 12, 2014, and attached to Bodkin's Motion for Summary Judgment as Exhibit 2. The Bill of Sale evidencing transfer of ownership of the Presto Tractor is attached to Bodkin's Motion for Summary Judgment as Exhibit 3.

## II.

### A. Bodkin's Motion for Summary Judgment

Bodkin makes three primary arguments in its motion for summary judgment. First, Bodkin asserts that the only claims asserted against it are based on the premise that it owned the tractor and trailer being operated by Defendant Czekajlo at the time the accident occurred. Because, it has demonstrated that this premise is incorrect, Bodkin contends that summary

judgment is appropriate.[6] Second, Bodkin argues that, notwithstanding the fact that it did not own the tractor and trailer on January 31, 2013, ownership of a vehicle does not render the owner liable for an accident unless some independent act of negligence or agency is demonstrated. Here, Bodkin argues that the plaintiffs have not shown or properly alleged any independent act of negligence on its part. Likewise, no agency relationship with Czekajlo has been – or can be – shown. Instead, at all times relevant to this action, Czekajlo was employed by Ontario Inc. and had no relationship with Bodkin. Third, Bodkin contends that the plaintiffs' claims are legally deficient because any claim against the lessor of a motor vehicle – merely because of its alleged ownership of that vehicle – is preempted by federal law.

In response to Bodkin's motion, the plaintiffs argue that several disputed facts preclude summary judgment. First, the plaintiffs point to the police report which lists Bodkin as the owner of the Presto Tractor with Ontario Inc. being identified as the motor carrier. [Record No. 45; Exhibit 1] Second, they cite to the deposition testimony of Ontario Inc.'s designated representative which indicates that he was "unsure" whether title to the subject vehicle had actually passed to Ontario Inc. as of January 31, 2013. [*Id.*; Exhibit 2 at pp. 25-29][7] Additionally, the plaintiffs state that they have not yet taken the deposition of Bodkin's corporate representative and, therefore, cannot challenge the undisputed statements contained in the affidavit filed in support of the defendant's motion for summary judgment. Finally, the plaintiffs

[6] Bodkin makes a related, but separate, argument that it was not the owner of the vehicle under Ontario law. [Record No. 35, pp. ]

[7] The plaintiffs took the deposition of Defendant Czekajlo on December 16, 2014. Bodkin indicates in its reply brief that the deposition confirmed that Bodkin has no relationship with Czekajlo.

argue that there are unresolved factual questions regarding the maintenance and working condition of the tractor driven by Czekajlo at the time of the accident.[8]

**B. The Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). However, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v.*

---

[8] The plaintiffs also cite to a discovery dispute involving production of insurance information from Defendant Bodkin. This dispute does not affect resolution of the pending motion. Tort liability is not predicated upon the existence of insurance coverage. *See McGrew v. Stone*, 998 S.W.2d 5, 10 (Ky. 1999) (Cooper, Graves, Keller, J.J., dissenting).

By letter dated October 14, 2013, Counsel for Defendant Bodkin advised that the trailer involved in the accident was owned by Ontario Inc. and located at the company's place of business at Mississauga, Ontario, Canada. Although counsel offered to make the trailer available for inspection, it has not been inspected to date. This lack of follow-up severely undercuts counsel's argument that sufficient time for inspection and discovery regarding maintenance issues has not been provided. According to Bodkin, the trailer was sold when Ontario Inc. went out of business.

*Zenith Radio Corp.*, 475, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Courts may grant summary judgment before the end of the discovery period, provided that sufficient time for discovery has passed. *Bowling v. Wal-Mart Stores, Inc.*, 233 Fed. Appx. 40 (6th Cir. 2007). The nonmoving party must inform the Court of its need for discovery. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Rule 56(d) of the Federal Rules of Civil Procedure provides that, "if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Accordingly, before a summary judgment motion is decided, the nonmoving party may file an affidavit that details the discovery needed or file a motion for additional discovery. If he does neither, courts will "not normally address whether there was adequate time for discovery." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). The nonmovant must show it diligently pursued discovery and explain why those efforts have not yielded the necessary facts. *Id.* In addition, the Sixth Circuit has observed that "vague assertions of the need for discovery are not enough" to meet the requirements of Rule 56(d). *Summers v. Leis*, 368 F.3d 881, 887

(6th Cir. 2004). Instead, the nonmoving party "must state with some precision the material [it] hopes to obtain with further discovery, and how exactly [it] expects those materials would help him in opposing summary judgment." *Id.*

**C. Bodkin Is Entitled To Summary Judgment Regarding The Claims Asserted Against It In Counts II And III Of The Plaintiffs' Complaint.**

As noted above, the plaintiffs' Complaint asserts that, at the time of the accident on January 31, 2013, Czekajlo was either employed by Ontario Inc. and/or Bodkin. Bodkin has demonstrated that it did not employ Czekajlo and the plaintiffs have not offered any evidence to the contrary. Further, the deposition of Ontario Inc.'s representative cited by the plaintiffs confirms this fact. [*See* Record No. 45-2; Szczotka Depo., p. 24.]

Next, the plaintiffs asserted in their Complaint that Ontario Inc. and/or Bodkin owned the tractor being driven by Czekajlo at the time of the accident. However, Bodkin has demonstrated that it was not the owner when the accident occurred. Instead, it purchased the tractor from a third-party vendor on August 11, 2010, and then leased the vehicle directly to Ontario Inc. At no time did it operate – or employ anyone to operate – the vehicle. The lease agreement with Ontario Inc. provided that Ontario Inc. would maintain insurance coverage during the term of the lease. After the lease expired in August 2012 and the tractor was sold to Ontario Inc., Bodkin did not retain any indicia of title or exercise control over the vehicle. Instead, it did everything that it could reasonably be expected to do to transfer ownership to Ontario Inc. Thus,

there is no factual basis to assert that Bodkin is vicariously liable for the actions or inactions of Czekajlo or that Bodkin was the owner of the subject vehicle under Canadian law.[9]

Notwithstanding the fact that the plaintiffs have failed to offer any evidence that Bodkin owned the tractor or trailer at the time of the accident, the allegation of ownership is insufficient to create a *genuine* issue of material fact precluding summary judgment. Under Kentucky law, the mere ownership of a vehicle, without more, is legally insufficient to establish liability. *Southard v. Belanger*, 966 F.Supp.2d 727, 743 (W.D.Ky. 2013) ("mere ownership of an automobile is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the [automobile]", *citing Farmer v. Stidham*, 439 S.W.2d 71, 72 (Ky. 1969)).

Finally, while it would appear that the plaintiffs' claims of liability asserted against Bodkin based solely on a claim of ownership would also be precluded under the Graves Amendment to the Federal Transportation Equity Act of 2005, 49 U.S.C. § 30106, the Court need not address this issue. As outlined above, Bodkin has demonstrated that it did not own the vehicle at the time of the accident.

**III.**

Entry of summary judgment in favor of Bodkin is not premature. The plaintiffs have not shown any genuine issues of material fact exist or that disputed facts could be found by the close of the discovery period. Bodkin owned the tractor and leased the vehicle to Ontario Inc. After the vehicle was sold in August 2012, Bodkin took the steps necessary to relinquish ownership.

---

9 Bodkin is correct in asserting that the plaintiffs' Complaint contains no allegation of faulty maintenance or of Bodkin's failure to properly maintain the Presto Tractor/Trailer. [*See* Record No. 55, p. 2.]

Likewise, the plaintiffs may not overcome summary judgment by asserting that Czekajlo might have been an employee or agent of Bodkin. Czekajlo's recent deposition confirms that he had no employment relationship with Bodkin.

Where, as here, a party offers affirmative evidence to dispel conclusory allegations based on speculation, an adversary must do something more that contend that discovery is not complete. In this case, additional time will not supply facts necessary to properly assert claims against Bodkin. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Bodkin Leasing Corporation's Motion for Summary Judgment [Record No. 35] is **GRANTED**.

2. The claims contained in Counts II and III of the plaintiffs' Complaint against Defendant Bodkin Leasing Corporation are **DISMISSED**, with prejudice.

3. Defendant Bodkin Leasing Corporation is **DISMISSED** as a party to this proceeding.

4. Plaintiffs Steven and Susan Cobb will be required to pay the taxable costs incurred by Defendant Bodkin Leasing Corporation in this proceeding.

This 5th day of January, 2015.

